Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Luke A. Dahlin, OSB #233064
Email: luke@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Derrick E. Jarred*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DERRICK E. JARRED**, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>**BAXTER HEALTHCARE CORPORATION** a foreign corporation, and **HILL-ROM COMPANY, INC.**, a foreign corporation,<br><br>   Defendants. | Case No. 3:23-cv-01963<br><br>**COMPLAINT**<br><br>**Workers-Compensation Discrimination ORS 659A.040; Workers-Compensation Retaliation ORS 659A.040; Wrongful Termination; Job Protection ORS 657B.060, FMLA Retaliation 29 U.S.C. §§2601 *et seq.*, Discrimination based on disability ORS 659A.112.**<br><br> **Claim for Relief: $300,000**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Derrick E. Jarred ("Plaintiff"), by and through his attorneys, does hereby state and allege as follows:

PAGE 1 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## I. INTRODUCTION

1.

Plaintiff brings this employment discrimination suit against Baxter Healthcare Corporation ("Baxter") and Hill-Rom Company, Inc. ("Hill-Rom") (collectively the "Defendants"). Plaintiff seeks economic and noneconomic damages, compensatory damages, and attorneys' fees and demands a jury trial as follows.

## II. JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because of Plaintiff's Federal Question Family and Medical Leave Act claim. In the alternative, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties have diversity of citizenship under all claims, and the amount in controversy exceeds the statutory sum or value of $75,000. Additionally, this Court may exercise supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367 because all facts giving rise to Plaintiff's claims arise out of a common nucleus of operative facts and are so related to form the same case or controversy.

3.

Venue is proper in this district under 28 U.S.C. §1391(b) and Local Rule 3-2 because all or a substantial part of the events or omissions giving rise of the claims occurred in this District and Division.

## III. THE PARTIES

4.

At all material times herein, Plaintiff is and was a citizen of the United States, and a citizen of Clackamas County Oregon. At all material times herein, Plaintiff was employed by Defendants.

///

///

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

5.

At all material times herein, Baxter, is and was a Delaware corporation with its principal place of business in Illinois. Baxter conducts business in Oregon involving manufacturing, distribution, and sales, of medical equipment. Baxter employs more than 25 employees nationwide.

6.

At all material times herein, Hill-Rom, is and was an Indiana corporation with its principal place of business in Illinois. Hill-Rom conducts business in Oregon involving manufacturing, distribution, and sales, of medical equipment. Hill-Rom employs more than 25 employees nationwide.

## IV.   FACTUAL ALLEGATIONS

7

Plaintiff incorporates the preceding paragraphs of this complaint by reference. All allegations made herein are made upon information and belief, based on investigation of counsel and personal knowledge. All dates herein are to be construed as "in or around" or "on and around."

8.

Plaintiff was employed by Hill-Rom in July 2021 as a Field Service Technician. On information and belief, in December 2021, Hill-Rom merged into Baxter Healthcare Corporation, the Defendants in this lawsuit. In January 2022 Plaintiff become an employee of Defendants by virtue of the merger. Plaintiff's job did not change as a result of the merger.

9.

On March 31st, 2022, Plaintiff was injured while performing his duties as a Field Service Technician. (March 31 injury).

///

///

10.

On April 1, 2022, Plaintiff opened a workers' compensation claim against Defendants. Plaintiff quickly sought treatment from a physician for his injury. Plaintiff's treating physician gave Plaintiff medical restrictions for his return to work.

11.

On April 14, 2022, Plaintiff's physician released Plaintiff to return to work for modified work activity, with restrictions. On information and belief, on or around April 15, 2022, Baxter's insurance carrier, Gallagher Basset, accepted Plaintiff's claim for injury via a Form 1502.

12.

On May 5, 2022, Plaintiff's physician authorized Plaintiff to return to work with light duty restrictions. Plaintiff returned to work for Defendants with modifications to his original duties.

13.

On May 10, 2022, Plaintiff injured his neck while performing light duty. (May 10 injury). On or around May 12, 2022, Plaintiff was instructed to stay home from work by his supervisor, Shawn Austin. On information and belief, Baxter's Human Resource department and insurance carrier, Gallagher Basset, were all in agreement with this instruction.

14.

On June 7, 2022, Plaintiff had an independent medical examination (IME) by Dr. Nathan C. Hammell.

15.

On June 17, 2022, a new insurance carrier for Defendants, Helmsman, took over coverage of Plaintiff's workers compensation claims. Helmsman representatives were disorganized and did not understand Plaintiff's claims were previously accepted and pre-existing.

///

///

PAGE 4 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

16.

On July 29, 2022, Plaintiff received notice that his workers compensation claims were being modified by Helmsman.

17.

On August 4, 2022, Plaintiff had a Magnetic Resonance Imaging (MRI) procedure for his spine due to the March 31 injury. On August 16, 2022, Plaintiff had another MRI for his neck and hip.

18.

On September 14, 2022, Plaintiff received notification that his workers compensation claim was being modified for the third time.

19.

In November 2022, Plaintiff was ill. This illness aggravated Plaintiff's pre-existing injuries from the March 31 injury and May 10 injury and made returning to work impossible.

20.

On November 28, 2022, Plaintiff was evaluated by Dr. Thomas Carver, to see if Plaintiff was healthy enough to return to work. Dr. Carver concluded that Plaintiff should begin treatment 5 days a week for 4 weeks to get Plaintiff healthy enough to return to work.

21.

On November 28, 2022, Plaintiff began treatment, but his condition worsened, and Plaintiff was unable to complete Dr. Carver's prescribed treatment due to severe pain and risk of re-injury.

22.

On December 8, 2022, Helmsman denied Plaintiff compensability for part of Plaintiff's workers' compensation claim. Namely Helmsman denied compensation for the lumbar segmental dysfunction, herniation of T12-L1, tears of the right anterior labrum of the hip and right hip

chondromalacia. Plaintiff asserted his rights by appealing the denial to the Workers Compensation Board.

23.

On January 9, 2023, Plaintiff learned that his employment with Defendants had been terminated effective in December of 2022. In January 2023, Plaintiff had a phone call with Baxter representative Kimberly Godfrey ("Godfrey"), wherein Godfrey listed several pretextual reasons for Plaintiff's termination. First, Godfrey stated Plaintiff was being terminated for failure to return to work from short term disability dating back to January 2022. Plaintiff had previously been on short term disability due to COVID illness in January 2022, however Plaintiff had worked since January 2022. Next, Godfrey stated Plaintiff was not following the restrictions on his return to work. Plaintiff had in fact been following his restrictions because he had not worked since May 2022 under direction of his supervisor, Shawn Austin, Baxter's Human Resource department, and Baxter's insurance carrier. Next, Godfrey contradicted her previous statement by saying she never received Plaintiff's restrictions on his return to work. Finally, Godfrey stated she had simply administratively terminated Plaintiff in December and there was nothing more she could do.

24.

In short, Plaintiff sought treatment for his work-related injuries from various doctors. The treatment was paid for by Baxter's insurance. When Baxter's insurance denied part of Plaintiff's claims, Plaintiff asserted his rights by disputing the denial. As a result of Plaintiff's protected status, and Plaintiff asserting his rights, he was fired. Baxter's decision to fire Plaintiff was motivated by Plaintiff's protected status and Plaintiff's assertions of his rights.

///
///
///
///

**V.   CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON WORKERS COMPENSATION BENEFITS**
**ORS 659A.040**
**AGAINST ALL DEFENDANTS**

25.

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

26.

Plaintiff applied for Worker's Compensation benefits and was partially denied the requested benefits. Plaintiff appealed the decision to deny his requested benefits.

27.

Defendants discriminated against Plaintiff for filing for Workers' Compensation Benefits by firing Plaintiff.

28.

As a result of Defendants' conduct, Plaintiff has suffered economic damage and non-economic damage in the form of emotional distress damages.

29.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**RETALIATION BASED ON WORKERS COMPENSATION BENEFITS**
**ORS 659A.040**
**AGAINST ALL DEFENDANTS**

30.

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

31.

Plaintiff applied for Worker's Compensation benefits. Plaintiff appealed the decision to deny his requested benefits.

32.

Defendant's fired Plaintiff in retaliation for appealing his denial of benefits, and for applying for Workers' Compensation benefits.

33.

As a result of Defendants' conduct, Plaintiff has suffered economic damage and non-economic damage in the form of emotional distress damages.

34.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## THIRD CLAIM FOR RELIEF
## WRONGFUL TERMINATION
## AGAINST ALL DEFENDANTS

35

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

36.

Plaintiff was terminated from his employment with Defendants. This termination was wrongful and violated the public policy of the State of Oregon because Plaintiff had open workers compensation claims against Defendants and had previously taken short term disability leave prior to termination.

37.

Defendants' decision to terminate Plaintiff was motivated by Plaintiff's taking of leave and having an open workers compensation claim against Defendants.

38.

Plaintiff has suffered economic and noneconomic damages as a result of being wrongfully terminated.

## FOURTH CLAIM FOR RELIEF
## JOB PROTECTION
## ORS 657B.060
## AGAINST ALL DEFENDANTS

39.

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

40.

Plaintiff had previously taken protected medical leave due to his medical condition. As a result of taking medical leave, Plaintiff was guaranteed job protection under the law.

41.

Defendants altered the conditions of Plaintiff's employment by terminating Plaintiff after Plaintiff took protected medical leave.

42.

Defendants' motivating factor in terminating Plaintiff was retaliation for taking medical leave.

43.

Plaintiff has suffered economic and noneconomic damages as a result of Defendants' retaliation.

## FIFTH CLAIM FOR RELIEF
## FMLA RETALIATION
## 29 U.S.C. §§2601 *et seq.*
## AGAINST ALL DEFENDANTS

44.

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

///

///

45.

Plaintiff was placed on leave under the Family Medical Leave Act (FMLA), in November 2022.

46.

Plaintiff was terminated within 60 days from being placed on FMLA. Defendants' motivating factor in terminating Plaintiff was his protected status under FMLA.

47.

Plaintiff has suffered economic and noneconomic damages as a result of Defendants' retaliation.

## SIXTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON DISABILITY
## ORS 659A.112
## AGAINST ALL DEFENDANTS

48.

Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

49.

As a result of both the March 31 injury and the May 10 injury Plaintiff had a medical condition that substantially impacted one or more major life activities.

50.

Defendants knew of Plaintiff's disability because Plaintiff's injuries were well documented in Plaintiff's Workers' compensation claims, and because Shawn Austin, Baxter's Human Resource department, and Baxter's insurance carrier were aware of Plaintiff's disability when they placed Plaintiff on leave.

51.

Defendants discriminated against Plaintiff by terminating him because of his disability.

///

52.

Plaintiff has suffered economic and noneconomic damages as a result of Defendants' discrimination.

**WHEREFORE**, Plaintiff prays for judgment in his favor, and against Defendants, awarding Plaintiff economic damages and non-economic damages as determined at trial, but not less than $300,000.00, together with Plaintiff's costs, disbursements, attorney and expert witness fees under ORS 659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

**DATED** this 27th day of December 2023.

       Respectfully submitted,

       **EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**

By:   */s/ Luke A. Dahlin*
Luke A. Dahlin, OSB #233064
Email: luke@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Derrick E. Jarred*